# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JASON E. MORALES, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 1:15-cv-1830-WTL-DML |
| | ) | |
| KEITH BUTTS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

Jason Morales seeks habeas corpus relief. Having considered pleadings and the expanded record, the Court finds for the reasons explained in this Entry that the habeas petition must be denied and this action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**Background**

An Indiana jury convicted Morales of three counts of sexual misconduct. These convictions were affirmed in *Morales v. State*, 946 N.E.2d 93 (Ind.Ct.App. 2011). The evidence at trial, construed favorable to the verdicts, showed that on the evening of February 8, 2009, Morales was drinking and supplied liquor to V.R., his fiancé's 14-year old cousin, laid V.R. down on the spare bed in which she was to sleep, kissed V.R., put his hand down her pants and into her underwear and stuck his finger in her vagina. The two went out and upon returning

> Morales helped V.R. back into the spare bedroom where he "laid [her] down . . . took [her] pants off and then pulled [her] underwear down and lifted [her] shirt up." Tr. p. 206. Morales "put his hands under [V.R.'s] bra," "touched [her] boobs," and "tried to have sex with [her]." Tr. p. 206. After Morales was not able to successfully complete sexual intercourse with V.R., he "took his clothes off and . . . [told V.R.] to put [her] mouth on his penis and suck it." Tr. p. 206. Morales "started pushing

> [V.R.'s] head towards" his penis and when V.R. objected, told her to "just do it." Tr. p. 206. Eventually, Morales "pushed [V.R.'s] head down onto [his penis] and . . . made [her] suck it." Tr. p. 206. In addition, at some point, Morales "put his mouth on [V.R.'s] vagina and started licking." Tr. p. 207.

*Id.,* at *1. Morales' petition to transfer was denied by the Indiana Supreme Court on October 6, 2011. Morales' petition for post-conviction relief was denied on April 21, 2014. This ruling was affirmed in *Morales v. State*, No. 82A04-1005-CR-311 (Ind.Ct.App. April 20, 2011). His petition to transfer was denied by the Indiana Supreme Court on June 17, 2015, and the filing of this action followed on November 19, 2015.

The following table identifies the claims which Morales now presents and shows the point, if at all, at which the corresponding claim was asserted in the Indiana state courts.

| | STAGE OF CHALLENGE IN THE INDIANA STATE COURTS | | | |
| --- | --- | --- | --- | --- |
| **HABEAS CLAIM** | Direct Appeal | Direct Appeal Transfer Petition | Post-conviction Appeal | Post-conviction Transfer Petition |
| Sufficiency of the Evidence | Yes | Yes | N/A | N/A |
| Ineffective assistance of counsel as to not objecting to admission of DNA evidence | N/A | N/A | Yes | Yes |
| Ineffective assistance of counsel as to not objecting to admission of V.R.'s underwear | N/A | N/A | Yes | Yes |
| Ineffective assistance of counsel as to investigating V.R.'s blackouts and the source of the underwear tested for DNA | N/A | N/A | Yes | No |
| Indiana statute unconstitutional | N/A | N/A | Yes | Yes |

## Applicable Law

Morales now seeks relief pursuant to 28 U.S.C. § 2254(a). This statute authorizes a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* His petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997).

"[U]nder AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo,* 590 F.3d 533, 536 (7th Cir. 2010). As one court has explained, "[i]t is this Court's obligation to focus "on the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves." *McLee v. Angelone,* 967 F.Supp. 152, 156 (E.D.Va. 1997). "The AEDPA's standard is intentionally 'difficult for Petitioner to meet.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (per curiam) (quoting *White v. Woodall*, 134 S. Ct. 1702 (2014); *Metrish v. Lancaster*, 133 S. Ct. 1781, 1786 (2013)). "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and

then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

"Under the current regime governing federal habeas corpus for state prison inmates, the inmate must show, so far as bears on this case, that the state court which convicted him unreasonably applied a federal doctrine declared by the United States Supreme Court." *Redmond v. Kingston,* 240 F.3d 590 (7th Cir. 2001) (citing 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362 (2000); *Morgan v. Krenke*, 232 F.3d 562 (7th Cir. 2000)). "A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Brown v. Payton,* 544 U.S. 131, 141 (2005) (internal citations omitted). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes,* 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti,* 537 U.S. 19, 25 (2002)).

In addition to the foregoing substantive standard, "[i]t is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Breard v. Greene,* 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes,* 433 U.S. 72 (1977)).

> Procedural default can occur in several ways, "but two are paradigmatic." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014). A state prisoner can procedurally default a federal claim if he fails to "fairly present" it "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Id.* Procedural default can also occur if the state court rejects a federal claim based on a state procedural rule "that is both independent of the federal question and adequate to support the judgment." *Id.* (quotation marks omitted).

*Clemons v. Pfister,* 845 F.3d 816, 819 (7th Cir. 2017)(citing *Thomas v. Williams,* 822 F.3d 378, 384 (7th Cir. 2016)); *Hogan v. McBride,* 74 F.3d 144, 146 (7th Cir. 1996) ("Forfeiture under §

2254 is a question of a state's internal law: failure to present a claim at the time, and in the way, required by the state is an independent state ground of decision, barring review in federal court.").

Procedural default, although otherwise a bar to federal habeas review, may be excused in certain circumstances. "A federal court may excuse a procedural default if the habeas petitioner establishes that (1) there was good cause for the default and consequent prejudice, or (2) a fundamental miscarriage of justice would result if the defaulted claim is not heard." *Johnson v. Foster,* 786 F.3d 501, 504 (7th Cir. 2015)(internal citations omitted). "Under this cause-and-prejudice test, a cause is defined as 'an objective factor, external to the defense, that impeded the defendant's efforts to raise the claim in an earlier proceeding.' Prejudice means 'an error which so infected the entire trial that the resulting conviction violates due process.'" *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010) (internal citation omitted).

The second exception, known as the fundamental miscarriage of justice exception, requires a petitioner to show that he is actually innocent. He must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell,* 547 U.S. 518, 537 (2006) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998).

### Discussion

The first step under § 2254(d)(1) is "to identify the 'clearly established Federal law, as determined by the Supreme Court of the United States' that governs the habeas petitioner's claims." *Marshall v. Rodgers,* 133 S. Ct. 1446, 1449 (2013) (citing *Williams,* 529 U.S. at 412; *Knowles v. Mirzayance,* 556 U.S. 111, 122 (2009)).

Morales' first habeas claim is his challenge to the sufficiency of the evidence. The controlling federal law on this subject is the "rigorous" standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979): "evidence, viewed in the light most favorable to the State, is sufficient to support a conviction so long as any rational trier of fact could find the essential elements of the offense to have been proved beyond a reasonable doubt." *Jones v. Butler*, 778 F.3d 575, 581 (7th Cir. 2015). Therefore, "[f]ederal review of these claims . . . turns on whether the state court provided fair process and engaged in reasoned, good-faith decisionmaking when applying *Jackson*'s 'no rational trier of fact' test." *Gomez v. Acevedo*, 106 F.3d 192, 199 (7th Cir. 1999).

The Indiana Court of Appeals addressed this claim in Morales' direct appeal and in doing so first noted its standard of review. "'We . . . will affirm the conviction if there is substantial evidence of probative value from which a reasonable jury could find the defendant guilty beyond a reasonable doubt.'" *Morales v. State*, 946 N.E.2d 93, *2 (quoting *Gregory v. State*, 885 N.E.2d 697, 704–05 (Ind.Ct.App.2008)). This standard is comparable to the federal *Jackson* standard. The Indiana Court of Appeals then identified the elements of the offense, *id.,* and summarized the evidence: "At trial, V.R. testified that Morales, knowing that she was fourteen years old, put his hand down her pants, under her underwear, and 'stuck his finger in [her] vagina.' Tr. p. 203. V.R. also testified that Morales 'pushed [V.R.'s] head down onto [his penis] and . . . made [her] suck it,' and that at some point Morales 'put his mouth on [V.R.'s] vagina and started licking.' Tr. pp. 206–07." *Id.* "Despite the fact that she could not remember the exact timing sequence of the acts in question, V.R.'s testimony was consistent with respect to the acts committed by Morales, and the limits of her memory were thoroughly explored during his testimony." *Id.* at *3. This was an assessment of the evidence compatible with the federal *Jackson* standard and was a reasonable

applicable of that standard. And because it was a reasonable application of the controlling federal standard, "[u]nder AEDPA . . . it cannot be disturbed." *Hardy v. Cross,* 132 S. Ct. 490, 495 (2011).

Morales' second claim is that he was denied the effective assistance of counsel. Although this is a single claim, *see Pole v. Randolph,* 570 F.3d 922, 934 (7th Cir. 2009) (citing *Peoples v. United States,* 403 F.3d 844, 848 (7th Cir. 2005)), there are three specifications of ineffectiveness and each must be fully exhausted in the state courts. *See Campbell v. Burris*, 515 F.3d 172, 185 (3d Cir. 2008) ("[I]neffective assistance of counsel claims based on different acts or omissions are discrete claims and must each be exhausted."). "[T]o preserve a claim of ineffective assistance of counsel, the habeas petitioner must assert this theory of relief and transparently present the state courts with the specific acts or omissions of his lawyers that resulted in prejudice." *Kelley v. Secretary for Dep't of Corrections*, 377 F.3d 1317, 1344 (11th Cir. 2004).

*Strickland v. Washington,* 466 U.S. 668, 684 (1984), supplies the clearly established Federal law, as determined by the Supreme Court of the United States that governs a claim of ineffective assistance of counsel.

> *Strickland* recognized that the Sixth Amendment's guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence" entails that defendants are entitled to be represented by an attorney who meets at least a minimal standard of competence. *Id.,* at 685–687. "Under *Strickland,* we first determine whether counsel's representation 'fell below an objective standard of reasonableness.' Then we ask whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Padilla v. Kentucky,* 559 U.S. 356, 366 (2010) (quoting *Strickland, supra,* at 688, 694).

*Hinton v. Alabama,* 134 S. Ct. 1081, 1087-88 (2014)(parallel citations omitted). The Supreme Court framed the determinative question as "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686. This Court must give "double deference" to the state court's

ruling on ineffective assistance of counsel claims because habeas review under AEDPA requires a habeas court to give the state court and the defense attorney the benefit of the doubt. *Woods v. Donald,* 135 S. Ct. 1372, 1376 (2015).

The Indiana Court of Appeals recognized the above *Strickland* standard. *Morales v. State*, 27 N.E.3d 826, *4 (Ind.Ct.App. 2015). Morales argued that he received ineffective assistance of trial counsel because 1) counsel failed to object to the admission of the victim's underwear into evidence, 2) did not object to the introduction of DNA evidence, and 3) failed to present expert testimony to challenge the victim's claim that she suffered periodical "blackouts" the evening the crimes occurred. *Id.* Each of Morales' specifications of ineffective assistance of counsel at trial was reviewed, and as to each the Indiana Court of Appeals reasonably applied the *Strickland* standard. It first found that the evidence of Morales' guilt was overwhelming, meaning that in this instance it was unlikely that the jury's verdict would have differed even if the challenged evidence had been excluded. *Id.* at *5. This explains that the prejudice component of a claim of ineffective assistance of counsel was absent. The Indiana Court of Appeals proceeded to explain that (1) an objection to the DNA evidence would not have been sustained, *id.,* (2) an objection to the admissibility of the underwear would not have been sustained, *id.* at 6, and (3) trial counsel's failure to present expert testimony to challenge the victim's claim that she suffered periodical "blackouts" the evening the crimes occurred was a matter of strategy because, in part, there would have been disadvantages to Morales' defense in doing so. *Id.*

In examining a habeas petition such as Morales presents here, the Court is required to deny the writ so long as the [state courts] *"t[ook] the [constitutional standard] seriously and produce[d] an answer within the range of defensible positions." Murrell v. Frank,* 332 F.3d 1102, 1111–12 (7th Cir. 2003) (quoting *Mendiola v. Schomig,* 224 F.3d 589, 591 (7th Cir. 2000) (emphasis added

in *Murrell*). Because the Indiana Court of Appeals did so, Morales' claims of ineffective assistance of counsel at trial does not support the relief he seeks. The third specification of ineffective assistance of counsel, moreover, was not included in Morales' petition to transfer and that specification has therefore been procedural defaulted. *See Hough v. Anderson,* 272 F.3d 878, 892-93 (7th Cir. 2001)(petitioner's failure to present issue to Indiana Supreme Court constituted procedural default).

Morales' final habeas claim is that the statute elevating his offense from a Class C felony to a Class B felony because at the time of the offense he was more than 21 years old is unconstitutional. This claim was first presented to the Indiana state courts in Morales' action for post-conviction relief. The Indiana Court of Appeals explained why the claim had been waived:

> Morales could have raised this issue on direct appeal, but chose not to do so. Morales also does not raise this issue in the context of a claim of ineffective assistance of counsel or newly discovered evidence. Because the issue was available at trial and on direct appeal, the issue is waived for purposes of post-conviction proceedings, and the post-conviction court did not err.

*Morales v. State*, 27 N.E.3d 826, *3. This is a state law ground that is both independent of the federal question and adequate to support the judgment. *See Gray v. Hardy*, 598 F.3d 324, 329 (7th Cir. 2010); *Willis v. Aiken*, 8 F.3d 556, 561 (7th Cir. 1993). Morales has not come forward showing circumstances permitting him to overcome the consequences of this procedural default.

## Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Morales has encountered the hurdle produced by the doctrine of procedural default as to certain claims. He has not shown the existence of circumstances permitting him to overcome this hurdle. The other claims do not

warrant relief in light of the deferential standard required by the AEDPA. *Harrington v. Richter*, 562 U.S. 86, 101 (2011)("A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision.")(quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *Stern v. Meisner*, 812 F.3d 606, 610 (7th Cir. 2016)("In other words, [the habeas petitioner] must show a complete absence of reasonableness in the [state] appellate court's decision.")(citing *Harrington,* 562 U.S. at 98). Morales' petition for a writ of habeas corpus is therefore **denied.**

Judgment consistent with this Entry shall now issue.

### Certificate of Appealability

Pursuant to Rule 11(a) of the *Rules Governing Section 2254 Cases*, the Court finds that Morales has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **declines** to issue a certificate of appealability.

IT IS SO ORDERED.

Date: 2/17/17

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JASON E. MORALES
135 McKinley Ave.
Terre Haute, IN 47803

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov